**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARGARET CAMERO, Individually and on behalf of the ESTATE OF ISAAC CAMERO, Deceased,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 5:21-cv-1271** |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY, BUT SOLELY AS TRUSTEE FOR NATIONSTAR HECM ACQUISITION TRUST 2020-1,** | § § § § § § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Wilmington Savings Fund Society, FSB, not individually, but solely as Trustee for Nationstar HECM Acquisition Trust 2020-1 ("WSFS" or "Defendant"), files this notice of the removal of this action from the 407th Judicial District Court of Bexar County, Texas. Defendant submits this Notice in support of removal. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Section 1332. Defendant respectfully shows as follows:

### INTRODUCTION

1. On or about November 30, 2021, Plaintiff Margaret Camero ("Plaintiff") filed *Plaintiff's Original Petition* (the "Petition") bearing Cause No. 2021CI24567 in the 407th Judicial District Court, Bexar County, Texas, styled *Margaret Camero, Individually and on behalf of the Estate of Isaac Camero v. Wilmington Savings Fund Society, FSB, not individually, but solely as*

*Trustee for Nationstar HECM Acquisition Trust 2020-1*(the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of Exhibit B.

2.      The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property and improvements located at 463 E. Palfrey, San Antonio, Texas 78223. (the "Property"). (*See* Petition at ¶6.) Plaintiff alleges Defendant has wrongfully proceeded with foreclosure of the loan and sale of the Property due to a failure to provide notices of foreclosure to all heirs as well as selling the Property at a price dispropionate to its true value. (*See*, *generally*, *id*.) Plaintiff brings causes of action for (1) violation of Section 51.002 of the Texas Property Code; (2) declaratory judgment for legal title; and (3) declaratory judgment setting aside the foreclosure sale of the Property conducted on September 7, 2021. (*Id*. at ¶¶9-15.) Plaintiff seeks a judgment for legal title, attorney fees, prejudgment and post judgment interest, and cost of suit. (*See id*. at Prayer.)

3.      This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### A.      There is diversity between the parties.

5.      Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00

exclusive of interest, costs, and attorneys' fees.

6.      Plaintiff is an individual and citizen of the state of Texas (*See* Petition at ¶ 2.)

7.      WSFS is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). WSFS is a national banking association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). WSFS is, and at all times relevant to this action was, a national association bank with its main office located in Wilmington, Delaware.  Thus, Defendant WSFS is a citizen of Delaware, and no other state, for purposes of diversity jurisdiction.

**B.      The amount in controversy exceeds $75,000.00.**

8.      The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be

protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamar v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

9.      "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests, *inter alia*, a judgment setting aside the foreclosure sale that took place on September 7, 2021. (*See* Petition at Prayer.) The Petition states that the Property was sold for $132,036.19 and Plaintiff states that its true value is $162,000. (Petition at ¶11). In addition, the Bexar County Appraisal District shows a total assessed value of the Property at $167,532.00. (Exhibits C, C-1).

10.     In addition, Plaintiff requests attorney fees. (Petition at Prayer.) Attorney fees

claimed under a contractual or statutory provision are included as part of the amount in controversy.  *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorney fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney fees in a putative class action, to like effect).  Reasonable attorney fees in this case include filing and serving this suit on the Defendants (including service by publication) and litigating it through trial. In the event of a trial, those fees would easily exceed $10,000.00. Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorney fees against bank).

11.     Defendant categorically denies Plaintiff is entitled to an award of damages in any amount, but Plaintiff's requests for injunctive relief and attorney fees far exceeds $75,000.00, exclusive of interest and costs. For the reasons stated above, there can be no dispute that Plaintiff seeks in excess of the minimum amount in controversy.

### VENUE

12.     Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 407th Judicial District Court, Bexar County, Texas, the forum in which the removed action was pending.

### NOTICE

13.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 407th Judicial District Court, Bexar County, Texas.

14.     The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## **List of all Counsel of Record**

For Plaintiff:

*Pro Se*
Margaret Camero
463 E. Palfrey
San Antonio, Texas 78223

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 - Facsimile
mcronenwett@mwzmlaw.com

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A       Copy of the Docket Sheet for Cause No. 2021CI24567 in the 407th Judicial District Court, Bexar County, Texas;

Exhibit B       Pleadings in Cause No. 2021CI24567 in the 407th Judicial District Court, Bexar County, Texas;

        B-1     Plaintiff's Original Petition, November 30, 2021;

        B-2     Issued Citation on Wilmington Savings Fund Society, December 2, 2021;

        B-3     Defendant's Original Answer, December 20, 2021;

Exhibit C       Declaration of Mark D. Cronenwett; and

        C-1     Print out from the Bexar Appraisal District web-site, December 21, 2021.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on December 21, 2021 on the following party:

Margaret Camero
463 E. Palfrey
San Antonio, Texas 78223

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**