IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARGARET CAMERO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ISAAC CAMERO, DECEASED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:21-cv-1271-XR |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY, BUT SOLELY AS TRUSTEE FOR NATIONSTAR HECM ACQUISITION TRUST 2020-1, | § § § § § § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT**

Defendant Wilmington Savings Fund Society, FSB, not Individually, but solely as Trustee for Nationstar HECM Acquisition Trust 2020-1 ("WSFS" or "Defendant") files this Response to the Motion to Remand filed by Plaintiff Margaret Camero, Individually and on Behalf of the Estate of Issac Camero, Deceased ("Plaintiff") [ECF No. 6], and Brief in Support and respectfully shows as follows:

**I.**

Plaintiff in her Motion to Remand makes a single argument, namely, that the amount in controversy is not met. In support of her argument, Plaintiff states that she in her Petition that she is only seeking $29,963.81 in money damages. *Motion to Remand, ¶B.* Plaintiff states that she is not seeking to invalidate Defendant's lien or to enjoin foreclosure. *Id., ¶¶D-E.*

Plaintiff's argument, however, is directly contradicted by her Petition. In her actual pleading, Plaintiff states that she is seeking "[j]udgment against defendants … for the value of the

real property". *ECF No. 1-1, p.7 at Prayer for Relief.*  In this same pleading, Plaintiff specifies that the value of the subject property is $162,000.00. *ECF No. 1-1, p.6 at ¶11.*

Also in her Prayer, Plaintiff also pleads for a "judgment setting aside the foreclosure sale of the property conducted on 9/7/2021" and for "legal title to the real property". *ECF No. 1-1, p.7 at Prayer for Relief.*  This claim for relief follows Plaintiff's allegations in her Petition that Defendant failed to provide notice of default, acceleration and sale to her and her siblings; that no order for foreclosure had been entered first; and also that no judicial determination of heirship had been made. *ECF No. 1-1, p.7 at ¶¶9-13.*  Plaintiff pleads that the subject property sold at this foreclosure sale for $132,039.19 and that its actual value, as indicated above, was $162,000.00. *ECF No. 1-1, p.6 at ¶11.*

Jurisdiction is determined at the time of removal. *Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).  The removing party must show the complete diversity of the parties and that the amount in controversy is more than $75,000.00.  *See De Aguilar v. Boeing, Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also* 28 U.S.C. § 1332.

The amount in controversy is determined, among other ways, by the plaintiff "demand[ing] a specific amount of damages" in its complaint. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014). If a specific amount is demanded, the amount stated in the complaint is dispositive when made in good faith. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547 (2014); *Scarlott*, 771 F.3d at 888.

Here, Plaintiff in her Petition very clearly makes two different claims for relief.  The first is for money damages in the amount of the value of the property, which she specifies to be $162,000.00.  *ECF No. 1-1, p.6 at ¶11.* This demand alone shows that the amount in controversy exceeds $75,000.00.

Secondly, Plaintiff also clearly in her Petition states that she seeks "[a] judgment setting aside the foreclosure sale of the property" and for "legal title to the real property". *ECF No. 1-1, p.6 at ¶11.* When a party seeks to invalidate a foreclosure sale, the amount in controversy in the value of the property, which can be determined by the tax-assessed value. *Funke v. Deutsche Bank Nat'l Tr. Co.*, No. 5:14-CV-307-DAE, 2014 U.S. Dist. LEXIS 104438 *5-6 (W.D. Tex. July 13, 2014).

In an identical situation where a plaintiff filed a suit to declare a foreclosure sale void but then claimed in its motion to remand that it was only seeking money damages for the foreclosure, United States District Judge Keith Ellison held that the allegations in the petition controlled and the amount in controversy for such a claim is the value of the property. *Perkins v. Bank of Am.*, No. 12-CV-3049, 2013 U.S. Dist. LEXIS 117 *7 (S.D. Tex. Jan. 2, 2013).

Furthermore, to the extent that Plaintiff in her Motion to Remand suggests that she never pled in her Petition that was seeking a judgment for the invalidation of the foreclosure sale, her pleading expressly indicates the contrary. Not only does she include in her Prayer for Relief a request for a judgment that the sale be set aside and for title, but this request follows after her allegations that foreclosure notices were not properly given, that an order for sale was not first obtained, and that a judicial determination of heirship had not been obtained. *ECF No. 1-1, p.7 at ¶¶9-13.* While Defendant disagrees with these contentions, the language of Plaintiff's Petition is clear that she includes in her live pleading a claim for the invalidation of the foreclosure sale.[1]

WHEREFORE, PREMISES CONSIDERED, Defendant asks that Plaintiff's Motion to Remand be denied and that Defendant receive all other relief to which it may be entitled.

---

[1] Plaintiff in her Motion to Remand actually admits that she includes this claim in her Petition. *See Motion to Remand, p.1, ¶1* (where she admits to Paragraph 2 of Defendant's Notice of Removal).

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 26, 2022, a true and correct copy of the foregoing document was delivered via regular U.S. mail to the party listed below:

Margaret Camero
463 E. Palfrey
San Antonio, Texas 78223
*Pro Se*

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**