IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARGARET CAMERO, MARGARET CAMERO ON BEHALF OF ESTATE OF ISAAC CAMERO, DECEASED,<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§ | |
| -vs- | § | SA-21-CV-01271-XR |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR NATIONSTAR HECM ACQUISITION TRUST 2020-1,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (ECF No. 6) and Defendant's Response (ECF No. 7). After careful consideration, the motion is **DENIED**.

## BACKGROUND

Plaintiff Margaret Camero ("Plaintiff") filed her original petition on November 30, 2021, in the 407th Judicial District Court, Bexar County, Texas. ECF No. 1-1 at 6. Defendant Wilmington Savings Fund Society[1] ("Defendant") removed the case to this Court on December 21, 2021 on the basis of diversity jurisdiction. ECF No. 1.

Plaintiff is the surviving spouse of Isaac Camero. ECF No. 1-1 at 6. Plaintiff owned the property at 463 E. Palfrey, San Antonio, TX 78223 ("the Property"), and during her marriage executed a warranty deed to her husband for the Property. *Id.* Mr. Camero subsequently obtained a reverse mortgage with the Defendant. *Id.* Mr. Camero fell behind on the obligations due under

---

[1] Defendant brings this action not individually but solely as trustee for Nationstar HECM Acquisition Trust 2020-I.

the reverse mortgage before his death in 2019. *Id.* at 7. Isaac Camero died intestate, and no probate case has been filed. *Id.*

On September 7, 2021, Defendant conducted a foreclosure sale of the Property. *Id.* Plaintiff alleges that Defendant wrongfully foreclosed on the loan and conducted a sale of the Property by failing to provide notices of foreclosure to all heirs to the Estate of Isaac Camero as well as selling the Property at a price disproportionate to its true value. ECF No. 1-1 at 7. Plaintiff seeks (1) declaratory judgment for legal title of the Property; (2) declaratory judgement setting aside the foreclosure sale of the Property; and (3) judgment for the value of the Property. *Id.*

Plaintiff filed the instant motion to remand, arguing that this Court lacks jurisdiction because the amount in controversy does not exceed $75,000. ECF No. 6. Defendant opposes remand. ECF No. 7.

## DISCUSSION

### I.   Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). If the removing party asserts federal jurisdiction on the basis of diversity jurisdiction, it must demonstrate that there is complete diversity among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)–(4). It follows, then, that the removing party has the burden of proving by a preponderance of the

evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar*, 47 F.3d at 1408. Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). Where it is facially apparent that the amount in controversy exceeds $75,000, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

In evaluating a motion to remand, a court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

Once diversity jurisdiction is established, "subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289–90). Post-removal affidavits, stipulations, and amendments reducing the claim below the requisite "do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co.*, 303 U.S. at 293.

**II.     Analysis**

Plaintiff asserts that this case only concerns the value between the sale price of the Property and the alleged market value of the Property—$29,963.81. ECF No. 6 at 2. However, in her petition, Plaintiff seeks money damages for "the value of the real property," which she alleges is $162,000.00. ECF No. 1-1 at 7. If a plaintiff demands a specific amount of damages in her petition, "[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Scarlott v. Nissan N. Am.*, 771 F.3d 883, 888 (5th Cir. 2014) (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1989)) (alteration in original). Thus, Plaintiff's demand for the value of the Property puts the amount in controversy in excess of $75,000.

Furthermore, Plaintiff seeks declaratory judgement for title to the Property and to set aside the foreclosure. ECF No. 1-1 at 7. "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extend of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). When a plaintiff seeks to invalidate a foreclosure sale, the amount in controversy can be measured by the value of the real property. *See id.*; *Funke v. Deutsche Bank Nat'l Tr. Co.*, No. 5:14-CV-307-DAE, 2014 WL 3778831, at *2 (W.D. Tex. July 31, 2014). Plaintiff asserts in her petition that the value of the Property is $162,000. ECF No. 1-1 at 7. In its removal petition, Defendant provides evidence that the appraised value of the Property is $189,150. ECF No. 1-1 at 24; *see also Garcia v. Koch Oil of Tex., Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) ("[D]efendants 'may support federal jurisdiction by setting forth the *facts*—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'") (quoting *Allen*, 63 F.3d at 1335) (emphasis in

4

original). By either measure, in seeking to invalidate the foreclosure sale, Plaintiff puts the amount in controversy in excess of $75,000.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand (ECF No. 6) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 9th day of February, 2022.

	XAVIER RODRIGUEZ
	UNITED STATES DISTRICT JUDGE