**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARGARET CAMERO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ISAAC CAMERO, DECEASED, | § | SA-5:21-CV-1271-XR |
| *Plaintiff,* | § | |
| v. | § | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY, BUT SOLELY AS TRUSTEE FOR NATIONSTAR HECM ACQUISITION TRUST 2020-1, | § | |
| *Defendant.* | § | |

**ORDER**

On this date, the Court considered Defendant Wilmington Savings Fund Society's ("Wilmington") motion to dismiss. ECF No. 9. Plaintiff Margaret Camero ("Ms. Camero") has not filed a response, and the time to do so has expired. After careful consideration, Wilmington's motion is **GRANTED**.

**BACKGROUND**

Plaintiff Margaret Camero is the surviving spouse of Isaac Camero. ECF No. 1-1 at 6. Ms. Camero owned the residential property located at 463 E. Palfrey, San Antonio, Texas 78223 ("the Property"). *Id.* During their marriage, Ms. Camero executed a warranty deed conveying the Property to her husband, Mr. Camero. *Id.* Mr. Camero then obtained a reverse mortgage on the Property pursuant to a deed of trust in favor of Defendant Wilmington as trustee on behalf of Nationstar HECM Acquisition Trust 2020-1. *Id.* Mr. Camero fell behind on his obligations under the reverse mortgage before his death in 2019. *Id.* at 7. Mr. Camero died without a will, and no

probate administration of his estate has taken place. *Id.* Wilmington conducted a foreclosure sale of the Property on September 7, 2021, and the Property was sold for $132,036.19. *Id.*

Ms. Camero, proceeding *pro se*, brought suit against Wilmington on November 30, 2021, in the 407th Judicial District Court of Bexar County, alleging that the foreclosure sale was unlawful. *Id.* at 6. In particular, Ms. Camero asserts that: (1) Wilmington did not give Ms. Camero and Isaac Camero's estate/heirs proper notice of any judicial proceeding to foreclose on the Property; (2) Wilmington did not give Ms. Camero and Isaac Camero's estate/heirs proper notice of default and acceleration of the note on the reverse mortgage; (3) the $132,036.19 price received at sale is grossly disproportionate to the Property's alleged true value of $162,000; (4) Wilmington did not obtain an order permitting foreclosure prior to sale; (5) Wilmington did not conduct a judicial determination of all heirs to Mr. Camero's estate to permit such heirs to receive notice of the foreclosure; and (6) notice of the proposed sale was not posted at the Bexar County Courthouse door and served on Ms. Camero by certified mail at least twenty-one days before the date of sale, as required by section 51.002 of the Texas Property Code. *Id.* at 7.

Ms. Camero seeks a judgment against Wilmington either setting aside the foreclosure sale of the Property, awarding Ms. Camero legal title to the Property, or holding Wilmington liable for the value of the Property. *Id.* Ms. Camero also seeks pre- and post-judgment interest and court costs. *Id.*

On December 21, 2021, Wilmington timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1 at 1. On January 27, 2022, Wilmington filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9 at 2. Specifically, Wilmington submits that (1) Ms. Camero's claims on behalf of Mr. Camero's estate should be dismissed because no probate has been opened; (2) Ms. Camero's claims regarding lack of notice

should be dismissed because Ms. Camero was not legally required to receive them; (3) judicial determination of heirship of Mr. Camero's estate was not required to proceed with a foreclosure of the subject property; and (4) Ms. Camero failed to adequately plead any of the requisite elements of a wrongful foreclosure claim. *Id.* Ms. Camero has not filed a response to the motion, and the time to do so has expired.

## DISCUSSION

### I. Legal Standard

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true and must be construed in favor of the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### II. Analysis

#### A. Plaintiff's Claims on Behalf of the Estate of Isaac Camero

Generally, only the personal representative of a decedent's estate may bring a suit on behalf the estate. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005). However, the Texas Supreme Court has held that an estate's heirs may maintain a suit on behalf of the estate "if they allege and prove that there is no administration pending and none [is] necessary." *Id.* at 850–

51 (quoting *Shepherd v. Ledford*, 962 S.W.2d 28, 31–32 (Tex. 1998)). Pursuant to section 306.002 of the Texas Estates Code,[1] administration of the estate may be necessary if: "(1) there are two or more debts against the estate; (2) there is a desire for the county court to partition the estate among the distributees; (3) the administration is necessary to receive or recover funds or other property due the estate; or (4) the administration is necessary to prevent real property in a decedent's estate from becoming a danger to the health, safety, or welfare of the general public."

Here, Ms. Camero alleges that no administration of Mr. Camero's estate has occurred or is pending. She also fails to assert that no administration is necessary or otherwise reference any of the above factors courts should consider when determining the need for judicial administration of an estate. *See* ECF No. 1-1 at 6; TEX. EST. CODE § 306.002. Therefore, Ms. Camero has not established the requisite standing as an heir of Mr. Camero's estate or as its personal representative, and such claims must be dismissed. *See Lovato*, 171 S.W.3d at 850–51 (Tex. 2005); *see also Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971).[2]

**B. Lack of Notice**

Ms. Camero asserts that Wilmington did not give her notice of (1) any judicial proceeding to foreclose on the Property or any resulting order for sale; (2) default and acceleration of the note due under the reverse mortgage; or (3) the foreclosure sale itself. ECF No. 1-1 at 7.

Article 16, Section 50(k) of the Texas Constitution clearly states that a court order is not required to foreclose on a reverse mortgage when "all borrowers have died . . . ." TEX. CONST. ART. XVI §§ 50(k)(6), (11); *see also Roberson v. BONYM*, No. 3:17-CV-00190, 2018 WL 3091209, at *9 (S.D. Tex. May 23, 2018), *report and recommendation adopted*, 2018 WL 3068873

---

[1] Wilmington cites to section 178(b) of the Probate Code, the precursor to section 306.002.

[2] Because administration of Mr. Camero's estate may yet still occur, Ms. Camero's claims on behalf of the estate are dismissed without prejudice. *See* TEX. EST. CODE § 301.002 (imposing a four-year statute of limitations on opening probate of a decedent's estate).

(S.D. Tex. June 21, 2018). As Mr. Camero was the only borrower on the reverse mortgage, no judicial proceeding or order of sale was required for Wilmington to foreclose the Property.

Further, because Ms. Camero is not named in the reverse mortgage documents, Wilmington was under no obligation to provide Ms. Camero with notice regarding default, acceleration, or the foreclosure sale. *Rodriguez v. Ocwen Loan Serv., Inc.*, 306 F. App'x 854, 856 (5th Cir. 2009) (stating that the mortgage servicer's duty to provide notice extends only "to the parties named on the requisite documents as the debtors, and not to other parties, known or unknown") (quoting *Casstevens v. Smith*, 269 S.W.3d 222, 229–30 (Tex. App.—Texarkana 2008, no pet.)).

Last, section 51.002(b) of the Texas Property Code requires that written notice of the foreclosure sale be served on the debtor under the reverse mortgage by certified mail and posted at the Bexar County Courthouse door at least twenty-one days before the date of sale. The foreclosure sale notice attached to Wilmington's motion to dismiss states that it was posted on August 5, 2021, thirty-three days before the September 7, 2021 sale. ECF No. 9-1. And as discussed above, Ms. Camero is not a debtor under the reverse mortgage and was therefore not entitled to the notice contemplated by section 51.002(b). Because Ms. Camero was not entitled to notice under Texas law and Wilmington complied with section 51.002(b), Ms. Camero's lack of notice claim must be dismissed.

**C. Judicial Determination of Heirship**

Ms. Camero further asserts that Wilmington was required to conduct a judicial determination of all heirs to Mr. Camero's estate so that such heirs would receive notice of the foreclosure. ECF No. 1-1 at 7. But as Wilmington notes, the Texas Constitution authorizes foreclosure on a reverse mortgage when the borrower dies—without any need for additional action, such as determining heirship. *See Enloe v. Deutsche Bank Nat'l Tr. Co.*, No. 4:18-CV-00603-P-

BP, 2020 WL 825815, at *6 (N.D. Tex. Jan. 29, 2020) (stating "[the lienholder] is under no obligation to seek a determination of heirship . . . to be able to foreclose its lien on the [p]roperty . . . ."), *report and recommendation adopted sub nom.*, 2020 WL 819373 (N.D. Tex. Feb. 19, 2020); *Roberson*, 2018 WL 3091209, at *9 (S.D. Tex. May 23, 2018) (emphasizing that a court order is not required to foreclose on a reverse mortgage).

Additionally, Ms. Camero's complaint expressly states that "no probate case has been filed" regarding Mr. Camero's estate. In the absence of an administration, Ms. Camero has not shown that Wilmington's power of sale was suspended at the time of the foreclosure sale. *See Garza v. Wells Fargo Bank, N.A.*, No. 3:14-CV-2359-N, 2015 WL 12940015, at *3 n.2 (N.D. Tex. Apr. 9, 2015). As such, no determination of heirship was required, and Ms. Camero's claim must be dismissed.

**D. Wrongful Foreclosure**

Ms. Camero finally contends that Wilmington wrongfully foreclosed on the Property. ECF No. 1-1 at 7. In particular, Ms. Camero asserts a lack of due process, based on the above-discussed lack of notice and failure to ascertain the heirs to Mr. Camero's estate, that resulted in a sales price of $132,036.19, which Ms. Camero submits is grossly disproportionate to the Property's true value of $162,000. *Id.*

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).

The Court has already determined that there were no defects regarding the notice of foreclosure or the need to determine heirship, and Ms. Camero does not allege any other reasons

for why the foreclosure proceedings were defective. Further, Texas courts generally assume that real property sold for over 60% of its fair market value is sufficient, absent some other justification. *See Witcher v. Bank of Am., N.A.*, No. EP-16-CV-355-PRM, 2016 WL 11591770, at *3 (W.D. Tex. Dec. 28, 2016); *see also Rodriguez*, 306 F. App'x at 856 ("[A] low foreclosure sale price does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings caused or contributed to a grossly inadequate price."). And as Wilmington points out, nowhere in Ms. Camero's petition is there any factual allegation that the purported defect in the foreclosure sale proceedings somehow contributed to the lower foreclosure sales price, as required under the third element of a wrongful foreclosure claim. *Sauceda*, 268 S.W.3d at 139. Therefore, Ms. Camero has not properly alleged a claim for wrongful foreclosure, and her claim must be dismissed.[3]

## CONCLUSION

Accordingly, Defendant's motion to dismiss (ECF No. 9) is **GRANTED**. Plaintiff's claims on behalf of the Estate of Isaac Camero are hereby **DISMISSED WITHOUT PREJUDICE.** All other claims are **DISMISSED WITH PREJUDICE**. The hearing set for April 5, 2022, is **CANCELLED**.

The Clerk's Office is **DIRECTED** to enter final judgment and to **CLOSE** this case. The Clerk's Office is further **DIRECTED** to mail a copy of this Order to Plaintiff Margaret Camero at 463 E. Palfry, San Antonio TX 78223.

---

[3] As Ms. Camero was not entitled to notice of foreclosure under Texas law and the Court has concluded there was no defect in the foreclosure sale, the Court concludes that further amendment of Ms. Camero's claims is futile. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where . . . amendment would be futile because it could not survive a motion to dismiss.").

It is so **ORDERED**.

**SIGNED** this 4th day of April, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE